HARVEY HOWARD, Respondent, *v.* SIMON W. FRANCE, Appellant.

43   593
116   261
43   593
125   524

It is the duty of one who has received money to the use of another to pay it over, and no demand is necessary by the latter before action. ALLEN, J.

A party having money of another in his hands, his denial of the owner's right, and stoppage of the payment of his check for the amount which has come to the possession of such owner, are equivalent to demand and refusal.

Although, ordinarily, one partner cannot sue his copartner, at law, in respect to partnership dealings, if the cause of action is distinct from the partnership accounts, and does not involve their consideration, the action may be maintained.

The defendant, and one B., being the owners of a certain flour mill, and manufacturers (as partners) of flour therein, becoming embarrassed, the plaintiff advanced to them certain sums, and agreed to indorse their business paper to a certain amount, upon the arrangement that he was to be secured by mortgage upon the mill, and the assignment of a certain policy of insurance thereon, and to receive one-third of the profits of the business, sharing in one-third of the losses. The assignment was given (on its face as security merely) to the plaintiff, and various indorsements made by him. Subsequently the firm of B. and the defendant having failed, the plaintiff took a lease of the mill from them, agreeing to operate it, and retain one-third of the profits, and apply the other two-thirds to the payment of the debts for which he was liable as "indorser, acceptor and security." The mill, while being operated under this agreement, was burned. The plaintiff sent to the defendant (residing near the office of the company) the policy, the assignment, and his own receipt to the company for the money, requesting him to collect the amount. The defendant having presented these papers to the underwriters and delivered them up, together with a receipt in the name of himself and B., obtained the money and refused to remit it to the plaintiff.—*Held* (GROVER and PECKHAM, JJ., *contra*), that he must be regarded as having received it as agent of the plaintiff, and was bound to pay it over to him, without regard to the state of the partnership accounts between the plaintiff, the defendant and B.; or to the amount, actually outstanding, of the liabilities, as security for which the policy was assigned, as long as any part of such liabilities remained unpaid.

(Argued February 6th, and decided February 14th, 1871.)

APPEAL from a judgment of the General Term of the Common Pleas of the city of New York, affirming a judgment for the plaintiff, on the report of a referee.

HAND—VOL. IV.     75

In 1862, the defendant and one Barnhart were the owners of a mill property in Ohio, and were manufacturing and shipping flour for sale, under the firm name of Barnhart & France, and were in embarrassed circumstances. An arrangement was then made with the plaintiff by which he agreed to furnish $3,000 as capital, and to indorse the business paper of Barnhart & France to the amount of $10,000 to $15,000, for which he was to be secured by a mortgage of the mill property, and an assignment of the insurance policies, and was to receive one-third of the profits, and, as is claimed, bear one-third of the loss. This arrangement went into effect in February, 1863, and continued until June, 1863, when Barnhart & France failed. A new arrangement was then made by which Howard leased the mill and agreed to operate it, retaining one-third of the profits to his own use and appropriating the other two-thirds to the payment of the debts of Barnhart & France, for which the plaintiff was liable as "indorser, acceptor and security." The mill was carried on under this arrangement until it was destroyed by fire in August, 1865. Pursuant to the arrangement first made in April, 1863, the mill premises were insured in three several companies for $10,000 in the aggregate, $5,000 of which was in the Home Insurance Company, and the policies, with the consent of the insurers, were assigned to the plaintiff by Barnhart & France as collateral security, as their indorser of current business paper. The policies were renewed from year to year, the receipts upon the policy of the Home Insurance Company stating the payments to have been made by the plaintiff as assignee of B. and F.

At the time of the receipt of the loss from the Home Insurance Company the plaintiff had received $1,980 upon the policy of the Buckeye insurance, and on the 26th of October, 1865, after the commencement of this action, he received, from the underwriters of the third policy, $3,000.

In 1862, the defendant removed to New York, and remained in business in that city up to the trial, and was the consignee for sale of flour manufactured by the plaintiff, who

drew upon him as occasion required in the business of the mill, the drafts being provided for either by shipments of flour or by other means furnished by the plaintiff.

On the 25th of September, 1865, a draft was outstanding and not yet due for $1,500, payable in New York, drawn by the plaintiff upon and accepted by the defendant. After the destruction of the insured property by fire, the plaintiff inclosed to the defendant, at New York, the policy for $5,000, of the Home Insurance Company, and the assignment, together with a receipt signed by himself for the loss, to be delivered to the insurers on payment by them; and annexed to the receipt on the same paper was a direction, signed by the plaintiff, to the insurance company to pay " out of the above, to Mr. France, fifteen hundred dollars, to lift a draft drawn by myself."

The defendant tore off this direction, and on the 25th September, 1865, presented the policy, assignment and plaintiff's receipt to the insurance company, and received $4,962.60 for the loss. He refused to pay the accepted draft of the plaintiff, and advised him that he had sent the proceeds of the policy to Barnhart. He, in fact, inclosed a check on a bank in Jersey City to Barnhart, payable to the order of Barnhart & France, for the amount. The check coming to the possession of the plaintiff, payment was stopped by the defendant. This action was brought to recover the moneys received by the defendant from the Home Insurance Company. The action was tried by a referee, who gave judgment for the plaintiff, and this appeal is from the judgment of the Common Pleas of the city of New York, affirming that judgment.

*E. S. Van Winkle*, for the appellant.

*W. F. Shepard*, for the respondent.

ALLEN, J. No demand was necessary before bringing the action. It was the duty of the defendant to remit the money to the plaintiff if received by the defendant to his use.

(*Stacy* v. *Graham*, 4 Kern., 492.) But the defendant, after receiving the money, denied the right of the plaintiff to receive it, and stopped the payment of his check, which had come to the possession of the plaintiff. His action was equivalent to a refusal to pay, and obviated the necessity of a demand, if demand would, under other circumstances, have been necessary.

The principal objections to the recovery, rest upon the supposed partnership relations of the parties. Passing without considering the question whether they could have been taken under the pleadings or whether they sufficiently appear by the case and exceptions to have been properly made and taken at the trial, they are not tenable upon all the evidence in the case. They are certainly not sustained by any findings of the referee. The judgment is fully sustained by the facts as found. It is well settled that ordinarily one partner cannot sue his copartner-at-law, in respect to their partnership dealings. If, however, the cause of action is distinct from the partnership accounts and does not involve their consideration, an action at law may be maintained. After an accounting and a promise to pay, an action of assumpsit will lie. (*Foster* v. *Allanson*, 2 T. R., 479 ; *Casey* v. *Brush*, 2 Caines, 293.) So an action of covenant will lie upon an agreement to continue a partnership. (*Bagley* v. *Smith*, 10 N. Y., 489.) If no matter of account is involved, and the money will not, when recovered, belong to the firm, there is no objection to the action upon the ground of the partnership connection between the parties. The property insured was not the property of any firm, or copartnership of which the plaintiff was a member. It was owned by Barnhart & France as tenants in common, and the insurance was primarily for their benefit, as owners in common; and the loss, when paid under the policy, belonged to them, as did the insured property; and the plaintiff, as a partner in the milling business with Barnhart & France, had no estate or interest in the premises, or title to the insurance money. His claim is not then as partner, but under a special assignment; and that assignment was for his

individual protection against an individual liability, assumed for Barnhart & France, the assignors.

The legal title to the policy and right to the insurance money was in the plaintiff individually, and he could have maintained an action in his own name for the loss. He made the defendant his agent to collect and receive the money, and the agency was accepted and the money received under it. If there are any equities growing out of the partnership business of the parties, or the use and occupation of the mill, by the plaintiff, under the agreement of August, 1863, and the right of the defendant and his co-owner to share in the profits, entitling the defendant to repudiate the agency and retain the money, they should have been asserted by a proper action for an adjustment of the accounts, to which Barnhart would have been a necessary party. The difficulty is that the defence, rather than the plaintiff's cause of action, grows out of and rests upon the partnership dealings of the parties, or dealings in the nature of partnership dealings, and involving the necessity of an account. To what amount the liabilities of the plaintiff, for which he was secured by the assignment of the policy, were reduced, depended upon the results of the business under the lease and contract of August, 1863, and in that business there was no partnership. But so long as there were any liabilities within the terms of the assignment, and secured by it, the legal title of the plaintiff cannot be disputed.

There were outstanding liabilities at the time of the receipt of the money by the defendant and the commencement of this action. The plaintiff's right does not depend upon the state of the accounts between himself and Barnhart & France, nor will the money, when collected, belong to the three as partners, or jointly. So much of it as is necessary to discharge the liabilities for which the policy was assigned, belongs to the plaintiff, and the residue belongs to the defendant and his co-owner, Barnhart. The claim is entirely distinct from any partnership accounts of the parties.

The judgment should be affirmed.

Church, Ch. J., Folger and Rapallo, JJ.,concurred; Grover and Peckham, JJ., dissented.

Judgment affirmed.