In the Matter of the Estate of HOLLIS W. COLE, Deceased.

*Statute of limitations — when it commences to run in favor of a depositary before any demand has been made by the owner.*

On May 14, 1867, Mrs. Cole conveyed a house and lot belonging to her separate estate to a Mrs. Saunders for the consideration of $7,000, of which $5,000 was then paid to her husband, in her presence and for her use and benefit. The husband died May 6, 1874, and letters testamentary were issued to Mrs. Cole on May 25, 1874. She had never demanded the money from her husband. *Held,* that the surrogate properly rejected a claim made by her for this money upon the judicial settlement of her accounts, upon the ground that it was barred by the statute of limitations.

Appeal from the decree of the surrogate of the county of Rensselaer.

The appellant, Alida J. Cole, is the widow of Hollis W. Cole, deceased, and executrix of his will. On the 14th day of May, 1867, Mrs. Cole conveyed to Mrs. Saunders a house and lot for the consideration of $7,000, of which $5,000, was then paid, as the surrogate finds, to her husband Hollis W. Cole, in her presence and for her use and benefit. The house and lot were the separate property of Mrs. Cole. Mrs. Cole never demanded the money of her husband. He died May 6, 1874, six years, eleven months and twenty-two days after he received the money. Letters testamentary were issued to Mrs. Cole, May 25, 1874. Upon the judicial settlement of her accounts, November 9, 1882, she filed her claim to this money. The surrogate held that it was barred by the statute of limitations, and disallowed the claim.

*R. S. Hudspeth,* for Alida J. Cole, executrix, appellant.

*R. H. McClellan,* for George W. Cole, respondent.

Landon, J. :

We think the decree should be affirmed for the reason that the husband received the $5,000, as the surrogate has found, " for the use and benefit " of his wife, and therefore no demand was necessary, and hence the statute of limitations began to run from the day of the receipt of the money. (*Stacy* v. *Graham,* 4 Kern., 492; *Howard* v. *France,* 43 N. Y., 593.)

The test of the necessity for a demand is whether it was then and there the legal duty of the husband to pay this money to his wife. It was her money and not his. He received it for her use and benefit and not for his own. He kept the money that was her due. If he could lawfully withhold it from her, it must be by virtue of some understanding or contract with her, and none is shown. Such contract or understanding exists in the case of a deposit of money with a bank, or a special deposit to be gratuitously kept and returned in specie.

In *Boughton* v. *Flint* (74 N. Y., 476), the husband offered to pay the wife, but she requested him to keep the money until she asked for it, and therefore demand was necessary.

Decree of the surrogate affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Decree affirmed, with costs against appellant.