Reynolds, J.
The plaintiff and defendant being partners agreed upon a dissolution.
Tins action is brought to recover one half of the amount collected by defendant since the dissolution, on the debts due the firm. It is claimed by defendant that the plaintiff’s only remedy was by an action for an accounting between the partners.
According to the testimony on behalf of the plaintiff, (which,, after the verdict of the jury, under the charge given by the-court, must be assumed to be true,) at the time of the dissolution, they settled the affairs of the partnership, so far as to divide the stock on hand, (except as hereinafter stated) and the-money, defendant taking all of the plant and allowing the plaintiff for one half of the sum agreed upon as its value, and giving the plaintiff a check for the amount coming to him upon such settlement. There was but one debt owing by the firm,, and the payment of that was provided for out of the money in the bank before striking the balance. It is true that defendant, has since paid several hundred dollars for goods which had then been purchased by the firm, and which were then on hand, a portion of them in a manufactured state; but such goods were not taken into account in the division of the stock, and it was agreed that defendant should take them, and that they should be re-billed to him individually, which was done.
Thus all the affairs of the firm were settled, except the debts, due them. As to such debts it was agreed that defendant should collect them, and pay over to plaintiff one half of each debt as it should be collected by him. This was virtually a division of those claims, leaving the defendant to collect the plaintiff’s half as well as his own. As he collected one half, the amount was so much money received by him to plaintiff’s use.. We see nothing in the way.of the plaintiff’s maintaining an action at law for the same. The money becomes no part of any partnership funds, and involves no partnership accounts. The fact that there are several items to be divided in this way,, makes it no different in principle from the case of a single debt.. It is no longer a partnership but an individual account between plaintiff and defendant. We apprehend the action is maintainable upon authorty a is well as reason. See Crosby v. Nichols *844 3 Bos. 450. Howard v. France, 43 N. Y., 593. Crater v. Binninger, 45 N. Y., 545.
The point is made that the court erred in admitting evidence of the agreement to pay plaintiff one lialf of the debts collected by defendant, on the ground that the dissolution was in writing. We see no error in the ruling. The written agreement was in no way contradicted by the oral proof; it did not cover the ground of the oral agreement. The agreement to dissolve was one thing, what should to be done thereafter with the moneys collected on claims due the firm was another and distinct thing, and was not embraced in the agreement of dissolution. It was competent to prove what the parties agreed upon as to such money. Chapin v. Dobson, 78 N. Y., 74. Brigg v. Hilton, 99 N. Y., 517.
The judgment must be affirmed with costs of appeal.
Clement, J., concurs.