CHARLES BELANGER, APPELLANT, *v.* HARVEY DANA, RESPONDENT.

*One partner cannot maintain an action against his copartner for a conversion of firm assets, after a dissolution.*

On March, 1887, the plaintiff and defendant bought a steam saw-mill jointly, and agreed to share equally in the profits or losses which might accrue from the venture, and gave as part of the purchase-price of the mill their four joint notes for $100 each, payable at the St. Lawrence County Bank, with interest. In July, 1887, they sold the mill to one Dobson at a profit, and received payment from him of the purchase-price, less $400. The parties accounted with each other and divided the surplus, over and above the $400 due them from Dobson, as the balance of his purchase-price of the mill, and agreed that this sum should, when collected, be paid to take up the said four notes which were then outstanding.

A few days after, Dobson having paid this sum to the defendant, he sent it by express to the bank, which, by mistake, applied half of it upon two of the aforesaid joint notes of the parties, and the other half upon the individual note of the

defendant, who afterwards, with full knowledge of all the facts, ratified the act of the bank and converted the misappropriated moneys to his own use, as a result of which the plaintiff was compelled to pay the two remaining joint notes, with costs.

*Held*, that an action for a wrongful conversion of the money by the defendant could not be maintained by the plaintiff.

That while, upon the dissolution of the partnership, the partners thenceforth became distinct persons and tenants in common of the joint stock, yet as to partnership debts and for the purpose of closing partnership affairs, a partnership relation still existed, and, therefore, the conversion by the defendant of the fund was not a conversion of the property by him as a tenant in common.

*It seems* to be well settled in this State that one partner cannot recover at law against another, except after a full accounting, a balance struck and express promise to pay.

APPEAL by the plaintiff from a judgment dismissing the complaint directed by the court upon the trial before a jury at the St. Lawrence County Circuit, entered in the St. Lawrence county clerk's office December 10, 1888.

The action was brought to recover because of the alleged conversion by the defendant of money which he received for the benefit of both parties, and which he agreed should be applied in payment of certain outstanding joint notes of the parties.

The facts were as follows : In March, 1887, plaintiff and defendant bought a steam saw-mill jointly, and agreed to share equally in the profit and loss which might accrue from the venture. They gave as part of the purchase-price of the mill their four joint notes for $100, each to the order of one Barlow, dated March 9, 1887, payable at the St. Lawrence County Bank, with interest, on the 15th days of May, July, September and November, 1887, respectively. In July, 1887, they sold the mill to one Dobson at a profit, and received payment and satisfaction from him for the purchase-price, less $400. The defendant's share of the surplus of the purchase-money, over the $400, was $217, which he testifies he received, and his answer alleges that the plaintiff received the like sum. The case does not explicitly show that the plaintiff received $217, but it may be inferred that he did, and he conceded it upon the argument. It was then agreed by the parties that the $400 due from Dobson should be applied to take up their four several notes of $100, each given to the order of Barlow. Three of these notes were at the St. Lawrence County Bank, and one was held by

the Troy Belting Company. The said bank at the same time held a note for $200 against the defendant with which the plaintiff had no connection.

In August, 1887, Dobson paid in money and his note (which the bank had agreed to accept), $405, in satisfaction of the money due to the parties upon the price of the mill. The defendant forwarded this money by express to the St. Lawrence County Bank, intending it as payment of the four notes of $100 each, of which he and the plaintiff were joint makers. He was not explicit in his instructions and the bank applied the money upon two of the joint notes of the parties and upon the individual note for $200 of the defendant. The remaining two notes of the plaintiff and defendant remained unpaid. The defendant represented to the plaintiff that he had paid them, and he alleges in his answer that he had paid them. The plaintiff was subsequently sued upon these notes and then notified the defendant, who told him he had the four notes at home and not to put in any answer. Before paying the judgments plaintiff asked the defendant to pay them.

*N. L. Robinson,* for the appellant.

*Thomas Spratt,* for the respondent.

LANDON, J. :

It is conceded that a partnership existed between the parties respecting the mill. But when the mill was sold the joint venture was at an end and the partnership dissolved. A partnership is terminated by the accomplishment of the business or venture for which it was formed. (*Kennedy* v. *Porter,* 109 N. Y., 526, 548.)

The parties accounted with each other and divided the surplus over and above the $400 due them from Dobson as the balance of his purchase-price of the mill. This sum the parties agreed should, when collected, be paid to take up their four joint notes of $100 each, which were outstanding and payable at the St. Lawrence County Bank. A few days after, Dobson paid this sum to the defendant, and he sent it by express to the bank, and the bank, by mistake, applied half of it upon two of the notes of the parties and the other half upon the individual note of the defendant. The

defendant afterwards, with full knowledge of the mistake, or with such repeated notice as charged him with full knowledge of all the facts, ratified the mistake, and thus, by adoption, wrongfully converted the misappropriated moneys to his own use. The plaintiff has, in consequence, been compelled to pay the two remaining joint notes, with costs, and the defendant has refused to do anything to rectify the wrong.

This action is not for an accounting in which the moneys received by the defendant and the amount paid by the plaintiff might be adduced, and the balance in favor of the plaintiff be made the measure of his recovery, but it is for a wrongful conversion by the defendant. We do not think it can be maintained. Upon the dissolution of a partnership, the partners thenceforth become distinct persons and tenants in common of the joint stock. (3 Kent's Com., m. p. 63.) But as to partnership debts, and for the purpose of closing the partnership affairs, the partnership relations still exist. Neither party, however, can do anything to impose a new obligation upon the other without his consent. (*Gates* v. *Beecher*, 60 N. Y., 518.) The tenancy in common, therefore, between the partners is incomplete with respect to partnership property devoted to the payment of partnership debts, or held by either partner for that purpose. (*Murray* v. *Mumford*, 6 Cow., 441.) The conversion by the defendant of the common fund was not, therefore, a conversion of property by him as tenant in common, but as partner, and hence the rule invoked by the plaintiff that where personal property is held in co-tenancy, its conversion by one tenant, to the absolute denial of the right of the other, gives the latter a cause of action, does not apply. (*Osborn* v. *Schenck*, 83 N. Y., 201.) The plaintiff insists that since the partnership affairs were all settled, except with respect to the payment of the joint notes, for which the defendant held the funds under promise to pay, the partnership relation was eliminated, and the case is not affected by it. (*Howard* v. *France*, 43 N. Y., 593 ; *Crater* v. *Bininger*, 45 id., 545, 549.) But these cases and many others are to the effect that the partnership relation must have fully ceased, with respect to the transaction in question, before an action at law, as distinguished from an action in equity, can be maintained by one partner against the other. In other words, the transaction must either never have been part of, or must have been completely

separated from the partnership affairs in order to form a separate cause of action at law.   Thus, it is said, to be well settled in this State that one partner cannot recover at law against another, except after a full accounting, balance struck, and express promise to pay.   (*Casey* v. *Brush*, 2 Cai., 294; *Westerlo* v. *Evertson*, 1 Wend., 532; *Halstead* v. *Schmelzel*, 17 Johns., 80; *Bloss* v. *Chittenden*, 2 T. & C., 11; *Buell* v. *Cole*, 54 Barb., 353.)   And such an action, when maintainable, it is seen is not *ex delicto*.

The difficulty with the plaintiff's case is that the defendant was still acting as partner in settling partnership affairs.   He betrayed his trust and thus subjected himself to the usual liability which one partner incurs to the other respecting partnership affairs.   He converted partnership money, he being one of the partners.   As he cannot sue himself, and cannot be sued for the wrong, except by all the partners, this action fails.

Judgment affirmed, with costs.

LEARNED, P. J., and INGALLS, J., concurred in the result.

Judgment affirmed, with costs.