PHILIP W. SMITH, RESPONDENT, v. HARRY FITCHETT, APPELLANT.

*Partnership — action by one partner against the other for an accounting and division of the firm assets — defense setting up the recovery of judgments against the firm.*

A partnership having been dissolved, an action was brought by one partner against the other for such judgment in his favor as an accounting should authorize. The issues were referred, upon the trial of which it appeared that there were partnership property and assets not disposed of, and upon the preliminary report of the referee to that effect the Special Term made an order directing the entry of an interlocutory judgment appointing a receiver of the partnership property and assets, and directing the receiver to make disposition thereof and to report thereon, and that, after the passage of the receiver's final account, the trial be resumed and completed before the same referee. *Held*, that the practice adopted in this case was proper.

It is no defense to an action in equity brought by one partner against the other to dissolve the partnership, dispose of the assets, pay the debts, state the account and ascertain and divide the net surplus, that there are outstanding judgments against the firm. The partner sued owes two duties, one to the firm creditors to pay them and the other to the plaintiff to pay him, and he cannot by alleging his own breach of duty in the former case discharge himself from liability in the latter.

APPEAL by Harry Fitchett, the defendant, from a judgment, entered in the office of the clerk of the county of Albany on the 19th day of April, 1887, in favor of the plaintiff, upon the decision of a referee, to whom the issues in the action were referred, to hear and determine the same.

*Levi Smith*, for the appellant.

*Norton Chase*, for the respondent.

LANDON, J.:

The parties were copartners. The partnership was dissolved and the plaintiff brings this action for an accounting, and for such judgment in his favor as the accounting should show. The issues were referred, and upon the trial before the referee it appeared that there were partnership property and assets not disposed of. Upon a preliminary report of the referee to that effect the Special Term made an order directing an interlocutory judgment appointing a receiver of the partnership property and assets, and directing the receiver to

make disposition thereof and report thereon, and that after passing the receiver's final accounts the trial of the action be resumed and completed before the same referee. Proceedings were had and completed in pursuance of the interlocutory judgment, and thereafter, upon the referee's final report, the judgment was entered from which this appeal was taken. We think the practice proper. This is an equity action in which the court, having full jurisdiction of the parties and the subject-matter, should take such action, by interlocutory judgment or otherwise, as is needful, in order that the proper final judgment be rendered.

It appeared by the receiver's report that there were, outstanding and unpaid, a number of judgments against the firm. But it also appeared, upon the evidence, that the defendant had received the greater part of the moneys of the firm, and that there were no moneys or assets wherewith to pay these judgments, except such as the defendant had received. We assume that the receiver made a proper disposition of all the partnership assets except the moneys which came to the hands of the defendant. The objection of the defendant that the outstanding judgments against the firm defeat the plaintiff's right to any recovery for his half of the net surplus of partnership assets in the defendant's hands, over and above all partnership liabilities, is not valid. The defendant owes two duties, one to the firm creditors to pay them and the other to the plaintiff to pay him. He cannot allege his own breach of duty to protect himself from liability for such breach.

The objection is based upon the rule obtaining in actions by one partner to recover at law against the other upon some breach of partnership obligation. Actions at law, it is said, cannot be maintained even after dissolution of the partnership by one partner against the other, except after a full accounting, balance struck and express promise to pay. (*Arnold* v. *Arnold*, 90 N. Y., 580; see cases cited in *Belanger* v. *Dana*, 52 Hun, 39.) But an action in equity lies between the partners, in order, if necessary, to dissolve the partnership, dispose of the assets, pay the debts, state the account, and ascertain and divide the net surplus, and render judgment accordingly. The obstacles to a recovery at law, equity removes.

The defendant is not prejudiced by retaining in his own hands partnership assets sufficient to pay outstanding judgments against

the firm. It is the plaintiff who may be injured by the judgment-creditors. But he is clearly entitled to his share of the net surplus.

The defendant alleges that the referee did not give him all the credits to which he was entitled. The plaintiff alleges that the referee did not charge the defendant with all the debits he ought. As the case is presented, we cannot discover that the net balance is not right. There were no formal requests for findings as to disputed items. The testimony is voluminous, and the partnership books are referred to as forming part of the case, but are not handed up. The transactions covering four years are grouped in the results stated by the expert witnesses.

It is practically impossible for us to examine this mass of accounts without great danger of making more mistakes than we should correct. The presumption is that the referee is right, and we affirm his findings, because we cannot see that they are wrong.

The judgment should be affirmed, with costs.

LEARNED, P. J., concurred; MAYHAM, J., taking no part.

Judgment affirmed, with costs.