GUS K. WORMS and HERBERT B. NEWMAN and CLAUDE S. NEWMAN, Copartners Doing Business under the Firm Name and Style of NEWMAN BROS. & WORMS, Plaintiffs, *v.* ALVIN LAKE, Defendant.

Supreme Court, New York County, January, 1923.

Partnership — joint adventure with numerous parties — complaint — allegation that defendant took money and misappropriated it — when suit for accounting proper remedy — action at law will not lie.

In this state one partner cannot recover at law against a copartner except after a full accounting, balance struck and express promise to pay.

A coadventurer who betrays his trust and misappropriates the common property incurs the usual liability that one partner incurs to another respecting partnership affairs and is to be held liable upon an accounting and not in an action at law.

In an action begun prior to October 1, 1921, to recover from the defendant the amount of plaintiffs' contribution to a joint enterprise in which more than twenty persons other than the parties to the action were interested, the second amended complaint alleged that the money came into defendant's hands under an agreement which made him the custodian thereof for the benefit of all the parties as coadventurers; that the moneys contributed by them were to be used for the purposes specified in the agreement and that defendant had misappropriated the whole fund. That the plaintiffs were induced to become parties to the agreement by fraud upon the part of the defendant was not alleged. *Held*, that a demurrer to said complaint upon the ground that it did not state a cause of action and that there was a defect of parties defendant, will be sustained with leave to amend upon payment of costs.

The transaction in suit cannot be said never to have been part of or to have been completely separated from the affairs of the joint venture so as to justify an action at law.

DEMURRER to second amended complaint.

*Van Vorst, Marshall & Smith*, for plaintiffs.

*Bennett & Sicher*, for defendant.

MITCHELL, J. This is a demurrer to the second amended complaint in which plaintiffs allege in part that the defendant misappropriated the whole fund contributed by all the parties of the second part to the agreement, and that by reason of the acts of the defendant the oil and gas lease is now terminated and the purpose of the enterprise abandoned. The plaintiffs bring this action at law against the defendant, one of their coadventurers, to recover the sum of $2,500, their contribution to the joint enterprise, which sum is alleged to have been misappropriated by the defendant. The other coadventurers are not made parties. The sufficiency of the complaint is questioned by demurrer, as the action was started prior to October 1, 1921. The Appellate Division has

already construed the agreeement, holding that "plainly all the parties to the agreement were coadventurers and there was a quasi-partnership relation between them." *Worms* v. *Lake*, 198 App. Div. 776. In view of this construction the plaintiffs are not now in a position to maintain that the parties were not coadventurers and that no joint venture came into existence. The cases cited by plaintiffs' counsel are those where an agreement had been made to form a partnership which was never in fact formed because of a refusal by the defendant to carry out the terms of the agreement. These cases are clearly inapplicable to the case at bar because the joint venture here had actually come into existence. All of the parties of the second part to the agreement paid their money to the defendant as their contributions to the joint enterprise. As in the case of every partnership, each party has the right to demand that the common fund shall remain intact to be used for the purposes of the joint enterprise. The diversion by the defendant of the common fund was a misappropriation of the property as a coadventurer sustaining a quasi-partnership relation to the plaintiff and the other parties to the enterprise. It has been repeatedly held that before an action at law, as distinguished from an action in equity, can be maintained by one partner against the other, the partnership relation must have fully ceased with respect to the transaction in question. *Belanger* v. *Dana*, 52 Hun, 39, 42; *Howard* v. *France*, 43 N. Y. 593; *Crater* v. *Bininger*, 45 id. 545, 549. In other words, the transaction must either *never* have been part of, or must have been *completely separated* from the partnership affairs, in order to form a separate cause of action at law. It is well settled in this state that one partner cannot recover at law against another except after a full accounting, balance struck and express promise to pay. *Belanger* v. *Dana, supra; Dalury* v. *Rezinas*, 183 App. Div. 456, 460; affd., 229 N. Y. 513. The money which the defendant is alleged to have misappropriated came into his hands pursuant to the provisions of the agreement between the parties, which made him its custodian for the benefit of all of the parties as coadventurers, and the fund was to be used for the purposes specified in the agreement. The transaction, therefore, cannot be said never to have been part of or to have been completely separated from the affairs of the joint venture, so as to justify an action at law. If one partner or coadventurer betrays his trust and misappropriates the common property he incurs the usual liability that one partner incurs to another respecting partnership affairs and is to be held liable in an accounting and not in an action at law. *Dalury* v. *Rezinas, supra; Belanger* v. *Dana, supra; Hollister* v. *Simonson*, 36 App. Div. 63; 170 N. Y. 357; *Covert* v. *Henneberger*, 53 How. Pr. 1. While

the acts of the defendant alleged in the complaint may well be regarded as an abandonment of his obligations as to the use of the money, it cannot be said that because this defendant betrayed his trust it follows that the enterprise in which upwards of twenty persons besides the parties to this action were interested as coadventurers was completely abandoned. It is well settled that an action at law will lie where plaintiff has been wrongfully excluded from participation in the partnership by his copartner, where a partner assumes to dissolve the partnership before the end of the term agreed upon, or where prior to the commencement of the partnership or joint venture he disaffirms his contract. *Crownshield Trading Corp.* v. *Earle*, 200 App. Div. 10, and cases therein cited. The situation presented here, however, is different. There was no attempt to exclude the plaintiffs from the partnership or coadventure. Neither was there any attempted dissolution before the end of the term agreed upon, nor a disaffirmance of the contract prior to the commencement of the joint venture. It may be observed also that there is no charge of fraud upon the part of the defendant by which the plaintiffs were induced to become a party to the agreement. It is not clear to me how the plaintiffs can be aided by the allegation that the defendant diverted the whole fund contributed rather than only the part intrusted to him by plaintiffs. The nature of the defendant's liability and the principles applicable to its enforcement cannot be affected by the extent of the misappropriation. Although he would be compelled to answer for a greater amount in his accounting to his coadventurers, the legal relation of the parties would remain the same and their rights and liabilities would still be determined by that relation. I am of the opinion that the complaint still fails to state facts sufficient to constitute a cause of action and that there is a defect of parties defendant. The demurrer to the second amended complaint is sustained, with ten dollars costs, with leave to plaintiffs to amend their complaint on payment of motion costs. Submit order.

Ordered accordingly.