ROBERT STRUTHERS, Respondent, *v.* GEORGE PEARCE et al., Appellants.

Where, during the existence of a continuing copartnership of undetermined duration, three of four copartners, without the knowledge of the other, obtain a new lease in their own name of premises leased and used by the firm, the same becomes partnership property, and upon dissolution the other partner is entitled to his proportion of its value.

(Argued September 24, 1872 ; decided January Term, 1873.)

APPEAL from judgment of the General Term of the Court of Common Pleas of New York, affirming a judgment (except as to the amount of costs) entered in favor of the plaintiff, on the decision of the court at Special Term.

The object of the action was to secure to the plaintiff (an outgoing partner) an interest in a lease of which the defendants (the continuing partners) had obtained a renewal, during the continuance of the copartnership, to his exclusion and for their own use.

The judge who tried the issues found the following facts:

First. That the plaintiff and defendants formed the copartnership mentioned in the complaint, and executed the articles of copartnership therein set forth, as therein alleged; that the name of said copartnership was George Pearce & Co.

Second. That said partnership was continued beyond the term mentioned in said articles, and that on the nineteenth day of October, 1863, the said parties executed an agreement continuing the same during their pleasure, subject to the modification that, from and after the first day of January, 1864, the profits of the business of the copartnership should be divided equally between the several partners, and the losses should be borne in the same proportions.

Third. That said copartnership was continued until the thirty-first day of December, 1865, under and pursuant to said articles of copartnership and agreement, when said copartnership was terminated by mutual consent.

Fourth. That in the year 1860, the plaintiff and defendants, in their said firm name of George Pearce & Co., took the lease of the premises Nos. 70 and 72 Franklin street, in the city of New York, mentioned and referred to in the complaint.

Fifth. That previously to the said dissolution and to any notice thereof, viz., in the month of February, 1865, and always thereafter until the taking of the new lease in question herein, there existed an understanding between the owner of the said store, Nos. 70 and 72 Franklin street, and the parties thereto, that the said owner would not raise the rent of said store, and that he would renew the said lease for a new term at the old rent.

Sixth. That defendants, before the termination of said partnership, secretly, and without notice to plaintiff, applied to said lessor for a lease of said premises, and requested that

their names only should be inserted in said lease, and that on or about the eleventh day of September, 1865, the said lessor executed and delivered to said defendants, describing them as composing the firm of George Pearce & Co., a lease of said premises, for the term of five years from the first day of May, 1866, at the yearly rent of $1,100; that after obtaining said lease, the defendants concealed the same from the plaintiff, and plaintiff had no knowledge nor notice of the fact that said lease had been obtained until after the sixteenth day of December, 1865.

Seventh. That said lease was at the time it was so obtained by defendants, and it is, of the value of $40,000 and upward.

Eighth. That afterward, and on the fourth day of January, 1866, the plaintiff and defendants entered in an agreement, bearing date that day, a copy of which is set forth in the complaint.

Upon those facts he found, as a conclusion of law, that the plaintiff was entitled to have the said lease, dated September 11, 1865, declared to be partnership property, and to have one-quarter the value thereof.

The original articles of copartnership were entered into on the eighth day of September, 1858, and provided for its commencement on the first day of January thereafter and its termination on the 31st day of December, 1860. The agreement of 4th January, 1866, mentioned in the eighth finding of fact, provided for the settlement of the affairs of the firm, and the plaintiff (who was named as the party of the second part) thereby assigned and transferred to the defendants (who were named as the parties of the first part) all his interest in the partnership property, including the premises in question, then occupied by the defendants, from the first day of January to and until the first day of May of that year ("but excepting and excluding the new lease of said premises from and after the first day of May, 1866, in which the party of the second part claims to have an interest, but which the parties of the first part claim as their own exclusive property, the question left open to be decided and determined hereafter"),

and excepting and excluding also some accounts and notes, which are otherwise settled. Judgment was entered in accordance with the decision.

*John K. Porter* for the appellants. It was error to exclude evidence that there was no secrecy in the negotiation for the lease. (*Anderson* v. *Lemon*, 4 Seld., 236; *Bartholomy* v. *People*, 2 Hill, 248; 1 Greenl. Ev., § 108; *Boyden* v. *Moore*, 11 Pick., 364, 365; *Tompkins* v. *Saltmarsh*, 14 Serg. & Rawle, 275, 281, 282.) The time for the expiration of the partnership having been fixed, either party was at liberty to apply without notice to the other for a lease to commence afterward. (*Anderson* v. *Lemon*, 4 Seld., 236, 237, at bottom, and 238, near bottom; S. C., 4 Sandf., 553; *Featherstonhaugh* v. *Fenwick*, 17 Ves., 299.) The new lease passed to defendants when plaintiff sold his interest in the old lease to them. (*Gibbs* v. *Jenkins*, 3 Sandf. Ch., 131; *Lee* v. *Vernon*, 5 Brown's Parl. Cas., 10.) Defendants, in taking the lease for a term to commence after the termination of the partnership, were not charged with any trust in favor of plaintiff. (*Knight* v. *Majoribanks*, 2 McN. & G., 10; *Murray* v. *Vanderbilt*, 39 Barb., 156, 157; *Wheeler* v. *Sage*, 1 Wall., 518; *Van Dyke* v. *Jackson*, 1 E. D. Smith, 419; 3 Merivale, 441; Story Part., § 99; *Musselman's Appeal*, 62 Penn., 83; *Philip* v. *Reeder*, 18 N. J. Eq. R., 95; *Atchison* v. *Fair*, 3 Drury & Warren, 525; *Nesbit* v. *Tredenwick*, 1 Ball & Beatty, 48; *Maunsell* v. *O'Brien*, 1 Jones Irish Exch., 184, 189; *Lee* v. *Vernon*, 5 Brown Parl. Cas., 10.)

*Aug. F. Smith* for the respondent. Plaintiff was entitled to share in the profit of the renewal of the lease, and defendants held it subject to the trust. (*Rawe* v. *Chichester*, Amb., 715, 719; *Taster* v. *Marriott*, id., 668; *Owen* v. *Williams*, id., 734; *Phyfe* v. *Wardell*, 5 Paige, 268; *Clements* v. *Hall*, 2 De G. & J., 173; *Clegg* v. *Fishwick*, 1 McN. & G., 294; Story on Part., § 174; *Featherstonhaugh* v. *Fenwick*, 17 Ves., 298, 311, 312; *Anderson* v. *Lemon*, 4 Seld., 237; note to *Moody* v. *Matthews*, 7 Ves., 185, Sum-

ner's ed.; *Holdridge* v. *Gillespie*, 2 J. Ch., 30, 33, 34; *Leach* v. *Leach*, 18 Pick., 68; Lindley on Part. [86 L. L., N. S.], 503, 504; *Gibbs* v. *Jenkins*, 3 Sandf. Ch., 130; *Dickinson* v. *Codwise*, 1 id., 214; *Alder* v. *Fouracre*, 3 Swans., 489.)

LOTT, Ch. C.   The material fact is found by the judge that the lease in question was taken by the defendants during the existence and continuance of the partnership for their individual benefit, and to the exclusion of all interest therein by the plaintiff, and that this was done secretly and without notice to him.   It also appears by his findings that the term of the copartnership was not for a fixed and definite period, but was to continue *during the pleasure* of the parties, and it is not found that any agreement had been made or that any act had been done or notice given by either party by which the time for its dissolution had been ascertained, fixed or determined, nor that there had been any expression or indication of the will or pleasure of either party by which the relation between them had been discontinued when the lease was obtained.   We must, therefore, assume as a fact that the partnership was in existence, and that no definite time had been fixed for its dissolution at that time, or, in other words, that it was still " a *continuing* partnership of *undetermined duration*," and on that assumption the judge was clearly right in declaring as his conclusion of law that the lease was partnership property.   The rule or principle is well settled in such a case, as stated in the clear, terse and expressive language of the counsel of the appellants when he says, " it is true that where no *definite time* is fixed for dissolution, though the firm may be dissolved at any time on notice, yet until such notice is given the partnership is deemed to *continue indefinitely*, and the term of a lease so renewed is therefore deemed *to commence within the term of the partnership*, and becomes a partnership asset." (See *Featherstonhaugh* v. *Fenwick*, 17 Ves., 299; *Anderson* v. *Lemon*, 4 Seld., 236.)

The same principle was fully recognized by INGRAHAM, J.,

in *Mitchell* v. *Read*, decided by the Supreme Court in the first district, in the opinion delivered to us by the appellants' counsel, but that case was distinguishable from this in the material fact that under the articles of agreement the copartnership between the parties expired by its own limitation on a specified day, and the learned justice says: " The question in this case, then, is whether there is anything in the relation of the parties under this agreement that prevents either party from taking a new lease of the premises occupied by them to commence after the expiration of the partnership, although obtained before its termination."

It is, however, claimed, or at least suggested, that if the new lease be deemed an asset of the firm, it passed under " the legal operation " of the agreement of settlement between the parties as a " graft " on the old lease. It is sufficient to say, in reference to such claim or suggestion, that the parties by " excepting and excluding the new lease," stating at the same time that the plaintiff claimed to have an interest therein, but that the defendants claimed it as their exclusive property, and that the question was left open, to be decided and determined thereafter, clearly intended that the plaintiff's interest therein was not included in or impaired by the assignment of the assets, but that his right thereto was left unaffected and unimpaired. That intention must prevail.

There is, therefore, no ground for the reversal of the judgment on the merits, as disclosed by the facts found by the judge in the court below.

It is, however, insisted that, " in any conceivable aspect of the case, the *exclusion of evidence* that there was no secrecy in the negotiation of the case, was plainly erroneous." The following matter is referred to in support of that position. It appears in the case that John H. Contoit was the lessor of the premises; and after testimony was given by Purves, one of the defendants, on their behalf, to prove the time of the execution of the new lease by them, and showing that the witness and Pearce, a co-defendant, called on him about getting it first in September, 1865, he was asked

this question : "What took place between you and Mr. Contoit?" And, on its being objected to, the counsel for the defendants said : "I wish to prove that this lease was taken from Mr. Contoit in the name of the partners that were to continue, and that he (Mr. Contoit) was advised of the fact, and also that the other partner was not to continue." After some discussion was had in reference to its admissibility the judge said he was inclined to exclude it. Thereupon the counsel for the defendants, without taking any exception, further said : "I propose to show what took place between Mr. Contoit, Mr. Purves and Mr. Pearce in the negotiation for this further lease, in order to exclude the conclusion that the renewal had any reference to any antecedent promise or obligation suggested on one side or denied on the other." And, on its being objected to, the judge said : "I think it is not material ; if that is good evidence the other ought to be admitted ; it is part of the same thing. Excluded." And then it is added : "Defendants' counsel excepted." And this is the only exception on the subject.

It will be seen that the only evidence so offered related to conversations and transactions between Contoit and two of the defendants, in the absence of the plaintiff and without any claim that he had any knowledge, notice or intimation, directly or indirectly, of what was being said or done between those parties. The whole matter was consequently one of entire secrecy as to him. The proof offered did not tend to show that he was in any manner aware or apprised thereof ; and it could not have changed the finding of the judge "that defendants, before the termination of said partnership, secretly and without notice to plaintiff, applied to said lessor for a lease of said premises, and requested that their names only should be inserted in said lease." That finding showed, and its object was to establish the fact, that the plaintiff had been kept in entire ignorance of the transaction, and had no reason to believe or suspect that an application for such lease had been made.

It was, moreover, wholly immaterial whether the renewal had any reference to any antecedent promise or obligation on

the part of Mr. Contoit to give a renewal of the lease or not. The relation of the plaintiff to the defendants, with the rights and obligations growing out of it, to which reference has already been made, rendered the negotiation and the transaction on the part of the defendants improper, irrespective of the question whether such promise had been made or such obligation existed.

It may be proper to refer to a point made by the appellants' counsel, that a verbal notice of the dissolution of the firm at the end of the year 1865 had been given by the defendants to the plaintiff in August of that year, and that, consequently, there had been a specific time fixed for its termination. There are two answers to it. The first, and a conclusive one, is that the judge has not, as has already been stated, found that any such notice was given; and the other is that a reference to the evidence relied on to prove it fails to establish the fact; and he consequently could not properly so find. The most that is shown is that about the middle of August there was a conversation between the plaintiff and the defendants Purves and Pearce, in which a proposition for such dissolution on the first of January following was suggested to him, but it was not acquiesced in; and he made a counter proposition, fixing the first of July thereafter. These were followed by a number of conversations on the subject between that time and the middle of September; and on the eighteenth of that month a written communication was given to the plaintiff, containing a notice of the dissolution of the partnership at the end of the year.

Up to that time there does not appear to have been any period of its termination fixed or determined upon, and the matter was a subject of negotiation, entered into and continued in consequence of the mutual propositions to which I have referred; and while it was thus pending the lease was obtained by the defendants. I see nothing in this that can be construed into a notice fixing the time when the relation between the parties was to cease and determine. Neither

party was bound or concluded by what had passed on the oral negotiations.

It follows, from what has been said, that there is no ground for the reversal of the judgment. It must, therefore, be affirmed.

All concur.

Judgment affirmed.