By the Court.—Saneord, J.
The evidence in the case sustains the finding of the learned judge, that the leasehold premises in question belonged to Elijah .Chamberlin, and were his individual property, until August, 1859. The demise was to him, his executors, administrators and assigns, from August 1, 1844; for the term of twenty-one years thence next ensuing. William S. Chamberlin, a brother of the defendant, and of the plaintiff’s intestate, testified, positively and without objection or contradiction, that his father, Elijah Chamberlin, owned the leases. There was no evidence to the contrary, unless it be by way of inference from the fact, not established by the evidence, but averred in the complaint and not denied in the answer, “ that before and at the time of the execution and delivery of said leases, a copartnership existed between the said Elijah Chamberlin, and his son, John P. Chamberlin, and upon the execution and delivery of said leases, the said Elijah Chamberlin and John P. Chamberlin entered - upon the said demised premises and occupied the same, for the carrying on, in and upon said premises, of the partnership business.”
There is no evidence in the case, nor does the complaint aver, that the leases were taken by Elijah Chamberlin for the firm, or with express reference to the partnership business ; nor does it appear what were .the precise relations of the copartners to each ■other with respect thereto, nor whether the rent thereby reserved was paid out of copartnership funds, nor what credits, if any, were made to Elijah, on the partnership books, for the use of the property.
In Coltyer on Partnership (§ 160) it is said that if a partner take a lease of lands in his own name, for the purposes of the partnership, he will be considered, in equity, as a trustee of such lease for himself and his *121 copartners, the lease being deemed an incident of the copartnership. Forster v. Hall (5 Ves. 308), is cited in support of the proposition. In that case, Lord Alvanly held, upon evidence afforded by letters of the lessee, and entries in the partnership books, that there had been a declaration of trust for the partnership, in writing, within the requirements of the statute of frauds ; and he, therefore, declared the lessee to be a trustee for himself and his copartners. The decree was affirmed, on appeal, by Lord Lougkhbo rough, who proceeded, however, upon different grounds. He considered the evidence which had been adduced for the purpose of raising a trust in the lessee for himself and the plaintiffs, as conclusive of the existence of a partnership between them, and, the fact of partnership being established, that the lessee having taken the lease for the purposes of the partnership, took it as trustee for himself and his copartners, by operation of law, uncontrolled in any manner by the statute.
But in Otis v. Sill (8 Barb. 102), where a lease was taken by one member of a firm in his own name, there being no- evidence that it was taken for the firm and with express reference to its business, it was held that the lease did not belong to the firm, although it appeared that the partnership commenced at the date of the lease, and that the partnership business was carried on upon the demised premises. It was also held that parol evidence was inadmissible to show that the lease was executed for the benefit of the lessee and his son, who was his copartner, for the reason that ■by such evidence it was sought to create a trust in real estate by parol, which is prohibited by the statute of frauds (2 R. S. 135, § 6).
There would, accordingly, seem to be no presumption that a leasehold, standing in the name of one of several copartners, constitutes partnership assets, notwithstanding that the partnership business is carried *122 on upon the demised premises. The legal presumption is otherwise, and it must expressly appear that such was the purpose and intent of the parties, before a trust for all can be inferred. If, however, it be made to appear that real estate, including chattels real, does, in fact, belong to a partnership and constitutes part of its assets, in whosesoever name it may stand, equity will treat it as such, and will decree the person in whom the legal estate vests to be a trustee for those beneficially interested. But real estate, to be so treated, must have been purchased for partnership purposes and on partnership account, or must in some form have been voluntarily subjected by the legal owner to the equitable rights and liens of all the partners and of the partnership creditors. Its mere use for partnership purposes, by the sufferance of the legal owner, does not operate to divest his title. While one of several copartners may not, during the existence of a continuing partnership of undetermined duration, secure to his individual use and benefit, without the knowledge of the others, the renewal or continuance of a lease of premises held and used by the firm (Struthers v. Pearce, 51 N. Y. 357), no principle of law „ or equity precludes copartners from severally taking title to land, either in fee or for a term of years, in respect to which no fiduciary relation between them exists ; and neither nor any of them can claim the right to share with the other or others in the benefits to be derived from the purchase or tenancy of such land. Land thus acquired by one of several copartners may be appropriated, at his option, and during his pleasure, to the use of the copartnership upon such terms and conditions as may be agreed upon, but no inference is to be deduced from such use adverse to the title of him in whom the legal estate is vested. To defeat his apparent individual right it must affirmatively appear that he acquired and holds the title *123 under circumstances upon which equity will fix its grasp for the purpose of declaring and enforcing a trust in favor of others beneficially entitled.
Unless the plaintiff’s intestate had some estate or interest in the demised premises under the mortgagor, neither the purchasers under tlie foreclosure sale, nor their assignee, the defendant, ever stood towards him in the relation of mortgagee, and unless that relation existed, there can be no right of redemption. No person can come into a court of equity for a redemption of a mortgage but he who is entitled to the legal estate of the mortgagor, or claims a subsisting interest under him (Grant v. Duane, 9 Johns. 591). In the absence of any such estate or interest, the plaintiff’s intestate, under the oral agreement which existed between the purchasers at the sale, the defendant and himself, occupied no other or better position by reason of his partnership with Elijah Chamberlin, the owner of the equity of redemption, than he would have done, if an entire stranger. As between him and them, the contract was a mere executory contract for the purchase and sale of an estate or interest in lands, and was void by the statue of frauds (2 R. S. 135). No trust attached or was created in favor of the plaintiff’s intestate, when the defendant entered into the written contract with the purchasers at the foreclosure sale, nor when he received from them the assignments of the leases (75.). If, however, the contract were valid, or if, although void under the statute, its specific performance could be enforced in equity, by reason of its part performance by the defendant, of which there is no evidence in the case, unless his payment of rent to the defendant may be regarded in that light, specific performance could not be decreed, and no relief could be afforded to the plaintiff, for the reason that the payments required by the contract to be made, have *124 neither been made nor tendered, nor offered to the defendant. “ He who seeks equity must do equity.”
The case is closely analogous in principle to that of Levy v. Brush (45 N. Y. 589), cited as a controlling authority in the opinicm of the learned judge before whom the cause was tried.
There was no error in dismissing the complaint and the judgment should be affirmed with costs of the-appeal.
Curtis, Ch. J., concurred.