JOHN K. POTTER, APPELLANT, *v.* RUFUS FARRINGTON AND OTHERS, RESPONDENTS.

*Extra allowance — in a judgment creditor's action, it must be based on the amount due on the judgment.*

In an action brought by a judgment creditor to set aside a conveyance of land made by the defendant, on the ground that it was made with intent to hinder, delay and defraud his creditors, in which action the plaintiff succeeds, an extra allowance granted by the court must be based upon the amount due to the plaintiff upon his judgment, and not upon the value of the land.

APPEAL by the plaintiff from an order made at Special Term, granting an extra allowance to the plaintiff in this action.

*H. J. More,* for the appellant.

*L. B. Pike,* for the respondents.

BOCKES, J. :

This action was brought by the plaintiff, a judgment creditor of the defendant, Rufus Farrington, to set aside a conveyance of land by the latter, on the ground that it was made to hinder, delay and defraud his creditors. The plaintiff succeeded in the action, and we must assume, although the judgment is not laid before us on this appeal, that a decree was granted setting aside the conveyance in so far as it interfered with the plaintiff's rights, or declaring it inoperative as against the plaintiff's judgment. The value of the farm covered by the fraudulent conveyance was $4,000. The plaintiff's judgment was for a much less sum, but its amount is not given us in the appeal papers.

On a motion by the plaintiff for an additional allowance of costs, the Special Term granted five per cent on the amount due him on his judgment, holding that the amount of the judgment lien, and not the value of the farm, constituted the basis on which the allowance should be estimated. The plaintiff appealed from the order, insisting that the Special Term was in error in holding — as is stated in the order — that the court had no power to grant an

allowance on any different basis of computation than on the amount of the judgment lien.

We are of the opinion that the decision of the Special Term was correct. The basis of estimate given in the Code is the sum recovered or claimed, or the value of the subject-matter involved. There was no recovery here of any sum. The action was to establish the lien of the judgment and to make it effectual, notwithstanding the impediment to its enforcement, growing out of the fraudulent conveyance. The title to the premises was not disturbed by the recovery, except in so far as it was necessary to obtain satisfaction of the judgment. Thus the suit only involved the value of the farm to the extent of the alleged lien. It was held in *Black* v. *O'Brien* (11 W. D., 194) that in a case like this the plaintiff does not recover the land if successful, nor does a claim of title to land arise. As above stated, the object of the action was to establish the lien. In *Struthers* v. *Pearce* (51 N. Y., 357) the action was to obtain a judgment declaring the plaintiff's interest in a lease. (See findings on pages 358, 359.) It was held that the plaintiff's interest (one-fourth) was the subject-matter involved in the suit, and that the estimate of value on granting an extra allowance of costs to him should be limited to the value of his interest. In *The People* v. *N. Y. & S. I. F. Co.* (7 Hun, 105) the action sought the *destruction* of the property; hence the decision in that case is not here in point. So in *Warren* v. *Buckley* (2 Abb. [N. C.], 323) the action involved the entire title. In the *O. & L. C. R. R. Co.* v. *V. & C. R. R. Co.* (63 N. Y., 176) the action was brought to determine the validity of a lease of the road. It was decided that the subject-matter of the action was the lease, and that its value — not the value of the road — constituted the proper basis for an extra allowance. (See, also, *Rothery* v. *N. Y. Rubber Co.*, 24 Hun, 172.)

We think the Special Term here adopted the true basis of estimate in granting extra costs.

BOARDMAN, J., concurred.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order affirmed, with ten dollars costs and printing disbursements.