### WEINSTEIN v. WELDEN.

(Supreme Court, Appellate Division, First Department. February 6, 1914.)

1. INJUNCTION (§ 56*)—SUBJECT OF PROTECTION—CONTRACTS.

An inventor, after patenting a process for using porcelain instead of gold, etc., in filling teeth, contracted with plaintiff, whereby they agreed to form a corporation for the manufacture and sale of such process; the contract prohibiting either from revealing trade secrets or competing with the business for 17 years, and that, if either should do so, the other would be entitled to an injunction. The corporation, because of lack of money, was never formed, but the parties for a while conducted the business as a partnership, when defendant, the inventor, terminated the partnership and began business himself. *Held* that, under the contract, plaintiff was not entitled to an injunction, since the corporation was never

formed, and defendant only agreed not to compete with the corporation, and, though it could be construed as an agreement not to compete with the partnership, the firm being terminable at will, defendant's withdrawal therefrom terminated it, and hence it was impossible to compete with it since it had ceased to exist.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 110; Dec. Dig. § 56.*]

2. RECEIVERS (§ 142*)—SALE—TITLE AND RIGHTS OF PURCHASERS.

Where an execution against a partnership was returned unsatisfied, and a receiver was appointed who took charge of and sold all its assets and contract rights, the title to such assets and contract rights by the sale passed to the purchasers; hence one of the partners could not thereafter maintain an action upon one of such contracts.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 248–251; Dec. Dig. § 142.*]

Appeal from Special Term, New York County.

Action by Louis J. Weinstein against F. Stanwood Welden. Judgment for plaintiff (80 Misc. Rep. 348, 142 N. Y. Supp. 406), and defendant appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Alexander S. Bacon, of New York City, for appellant.

Bernard Edelhertz, of New York City, for respondent.

McLAUGHLIN, J. Appeal from a final judgment enjoining defendant, for a period of 17 years, from divulging certain trade secrets and selling certain dental supplies without plaintiff's permission. The defendant patented a process whereby porcelain could be used in filling teeth instead of gold or other metal. After the patent was obtained, he made an oral agreement with the plaintiff by which they were jointly to undertake the purchase and sale of porcelain to dentists and others, with permission to use the patented process. The plaintiff's part in the joint enterprise was to aid in managing and financing the business. The fact is undisputed that at the time the agreement was made the parties intended to carry on the business through a corporation to be organized by them; that they did not intend to enter into a permanent partnership. Pending the formation of the corporation, however, they started in business under the name of the Welden Dental Specialty Company and conducted the same as partners. On September 18th, about three months after the original agreement was made, the parties entered into a written contract, upon which the right to maintain this action is predicated. The agreement recites that the parties were engaged "in a joint enterprise concerning the manufacture and sale of dental supplies under a corporation to be formed, to be called the Welden Dental Specialty Company," and it provided: (a) That neither party should reveal a trade secret communicated to him in connection with the business, or for a period of 17 years enter into any business "which shall directly or indirectly interfere or compete with the said business of the Welden Dental Specialty Company"; and (b) that, if either party should reveal any trade secret or sell any product manufactured and sold by the Welden Dental Specialty Com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pany without the consent of the other, then the latter would be entitled to an injunction. The corporation was never formed, since the parties were unable to raise sufficient money for that purpose. When its formation was abandoned, the parties contemplated entering into a formal contract of partnership for a fixed period, and a written contract was drawn up, but never executed. They continued in business, however, for a short time, when defendant notified plaintiff, in writing, that he terminated the partnership, and he then commenced to sell porcelain to customers who had previously bought from the firm. Plaintiff then brought this action upon the theory that he had a right, under the contract, to enjoin the defendant, for a period of 17 years, from entering into competition with the business of the Welden Dental Specialty Company and from disclosing the trade secrets of that firm.

[1] Under this contract the defendant only agreed not to enter into competition or disclose the trade secrets in case a corporation was formed. The agreement expressly recites that a corporation was to be formed and should be known as the "Welden Dental Specialty Company." There is no provision in the contract which in any way bound the defendant not to compete in business with the firm or to preserve to it the trade secrets in any way. The finding of the trial court to the contrary is not sustained by the evidence. It is true that a short time after this contract was signed the parties filed a certificate, pursuant to section 440 of the Penal Law (Consol. Laws, c. 40), in the office of the county clerk, that they were doing business as partners under the name of the Welden Dental Specialty Company. This certificate in no way affected the contract between them, but merely gave notice to the public that business was being carried on by them as partners under that name. The agreement fixed no time for the duration of the partnership, and for that reason it was terminable at will. The defendant, therefore, was acting within his legal rights when he terminated it. The partnership, being terminated, could not thereafter carry on business, and, if it could not, obviously the defendant could not enter into competition with it.

[2] I am also of the opinion that the judgment is erroneous for the reason that the plaintiff has no title or interest in the contract in question. It appears that a judgment was obtained against the firm, and, an execution having been issued thereon and returned unsatisfied, proceedings supplementary to execution were instituted, and it there appearing that the firm had some property, including the contract in question, a receiver was appointed who sold, at public auction, all the partnership assets, including its good will and contract rights. The judgment creditor purchased the assets at the receiver's sale, and he acquired whatever rights the partners may have had under the contract sued on. This right, whatever it may be, has since been assigned to and is owned by the defendant, and the plaintiff has no interest therein.

The judgment appealed from is therefore reversed, with costs to the appellant, and the complaint dismissed on the merits, with costs. All concur.