CHARLES P. GOLDSMITH, Appellant, v. ISAAC LOEB, Respondent.

First Department, March 8, 1918.

**Partnership — conspiracy by partner and third person to defraud other partner — pleading — complaint stating action for fraud.**

A complaint alleging that a partnership between plaintiff and defendant which by consent had existed beyond the day fixed by the partnership articles, held a license from the patentee of an invention, which was revocable upon the dissolution of the partnership; that defendant got the patentee to give to a dummy for him, the defendant, said license for such time as it should for any reason revert to him; that an action between plaintiff and defendant brought for a dissolution of the partnership was settled by plaintiff buying defendant's interest and taking over the firm's assets including the license, upon the further agreement that

upon objection to such transfer of the license the partnership might be deemed continued for the purpose of exploiting the patent, and that defendant assigned to plaintiff all the profits arising thereafter from the business; that defendant thereupon notified the patentee of the dissolution of the partnership and the patentee assumed to revoke the license from plaintiff; that negotiations were had, defendant apparently abandoning his contract with the patentee and finally the license was given to plaintiff individually, but that he was compelled to pay an increased royalty and that plaintiff did not know of the alleged dealings between defendant and the patentee until after he had made his final arrangement for the license individually, states a good cause of action for damages for defendant's fraud and a judgment dismissing the complaint will be reversed and a new trial ordered

APPEAL by the plaintiff, Charles P. Goldsmith, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 29th day of June, 1917, upon a dismissal of the complaint by direction of the court upon the opening on the ground that the complaint does not state a cause of action.

*Alvin C. Cass* of counsel [*Cass & Apfel,* attorneys], for the appellant.

*Walter J. Rosenstein* of counsel [*Horwitz & Rosenstein,* attorneys], for the respondent.

SMITH, J.:

The plaintiff and defendant were copartners in the jewelry business. They also held a license from one Fischer, who was an inventor of a clutch for a pin. The partnership had existed from 1901 — beyond the date provided in the articles of copartnership — by consent of the parties. The defendant apparently conceived the idea of breaking up the partnership which would authorize the patentee to revoke the license and then of obtaining the license for his own benefit. He, therefore, went to the patentee and got an agreement to give to a dummy for him the license for ten years from such time as the license should revert to him for any reason. The peculiar phraseology of this agreement indicates that Fischer and the defendant were both in collusion. This defendant then brought an action to dissolve the partnership. That action was settled between plaintiff and defendant, whereby

plaintiff gave to the defendant about $25,000 for his interest in the partnership and took over all the partnership assets and also took over this license. It was evidently questioned whether this license could be transferred by this partnership to the plaintiff singly and it was, therefore, agreed that on any objection to the transfer being made, the partnership might be deemed continued for the purposes of exploiting the patent and the defendant assigned to the plaintiff all his profits arising thereafter from the said business. Upon making this settlement, the defendant notified Fischer that the partnership was dissolved and Fischer thereupon assumed to revoke the license. Negotiations were had, the defendant apparently abandoning his contract with Fischer, and finally the license was given to the plaintiff personally, but the plaintiff was compelled to pay an increased royalty. It is claimed that during the course of the patent, he would be required to pay some $6,000 more in royalties. The plaintiff has also paid $1,200 counsel fees. He seeks to recover this excess royalty that he has been required to pay, and the $1,200 counsel fee on the theory that the defendant owing a royalty to him as a partner violated that confidence and underhandedly connived and conspired with Fischer that the defendant should break up the partnership, and the license should be revoked, and that thereafter the license should be given to the defendant. This was not known to the plaintiff at the time he made his final arrangement for the license individually, and by reason of this fraud plaintiff claims to be entitled to the excess royalty that he has been required to pay as well as for his counsel fees which he has expended.

In *Struthers* v. *Pearce* (51 N. Y. 357) it was held: "Where, during the existence of a continuing copartnership of undetermined duration, three of four copartners, without the knowledge of the other, obtain a new lease in their own name of premises leased and used by the firm, the same becomes partnership property, and upon dissolution the other partner is entitled to his proportion of its value."

This was followed in *Mitchell* v. *Reed* (61 N. Y. 123), and the same principle is announced in *Kelly* v. *Delaney* (136 App. Div. 606; affd., 205 N. Y. 618). These cases follow the doctrine that the relationship between partners is one

*First Department, March, 1918.*    [Vol. 182.

of trust and confidence and the secret act of any partner during that relationship whereby such partner would reap an advantage over his copartner is a wrongful act and the court will compensate the innocent partner either by damages in an action for fraud or by holding the guilty party to be a trustee of the advantage thus gained for the benefit of his copartner. This license to the partnership, if such it be construed, was a license for the term of the patent. The dissolution of the partnership authorizes the revocation of that license by the patentee. The act then of the defendant during the continuance of the partnership in conniving with the patentee whereby the partnership was to be dissolved, the license revoked and given to him personally, was a wrongful act in violation of the trust existing between him and plaintiff, his copartner, which would authorize an action by the plaintiff against the defendant for any damages which the plaintiff might legally suffer by reason of that wrongful act. The defendant denies that the plaintiff has suffered damage by his act and puts his denial upon two grounds: He first says that in the dissolution agreement he assigned to the plaintiff all his rights under that patent and agreed that as far as may be necessary to hold the license, the partnership might be deemed to continue for that purpose, but the assignment was simply of existing rights, that is, of rights of such an interest as he might have in the partnership right to the license, and this license is so far personal that probably this agreement to continue the partnership only for the purpose of preserving to the plaintiff this license would be ineffectual to take from the patentee the right to revoke the license given to these parties jointly. Again, the defendant contends that he renounced all rights under that agreement and released the patentee therefrom so that the patentee made a separate agreement with the plaintiff to give to the plaintiff individually a license to sell the patented articles. But after the dissolution of the partnership, and notwithstanding his assignment to the plaintiff of all his rights in the patent as a partner, the defendant notified the patentee of the dissolution of the partnership and the patentee assumed to revoke the license given to the partnership. The plaintiff was then confronted with the insistence of the patentee

of his right to revoke the license and in order to save possible litigation and to preserve his right to the license as an individual, he was compelled to pay a higher royalty. Whether his subsequent agreement by which he became bound to pay a higher royalty was a reasonable exercise of discretion may be a question of fact to be litigated upon the trial. Where the defendant, however, has put the plaintiff in a position of peril in which he might lose his rights to this license absolutely or pay a higher royalty for preserving the same to himself, and this through the fraudulent breach of the trust relation, it does not lie with the defendant to say that the plaintiff exercised bad judgment in making the compromise agreement to preserve his rights. Defendant having induced the patentee to assert a paramount title is estopped from now denying that he had such title. It is undoubtedly true that the defendant might have dissolved the partnership and thereafter sought an individual license from the patentee, but the contract was made with the patentee in his behalf before the partnership was dissolved. The rights of the plaintiff in this license under the dissolution agreement were at least doubtful and if the plaintiff has suffered damage by being forced in his best judgment and in good faith to make a contract whereby he was compelled to pay a higher royalty, it would seem that he has suffered damage by the wrongful act of the defendant for which he may recover in an action at law. It is not necessary here to determine what may be the rule of damages which is finally to govern the plaintiff's recovery. The question here arises upon the pleadings and the sole question for our determination is whether any cause of action is stated by the plaintiff in his complaint. We are of the opinion that the complaint does state a cause of action for damages for the defendant's fraud and that the judgment of the trial court dismissing the complaint was erroneous.

The judgment should, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event.

SCOTT, LAUGHLIN, DOWLING and DAVIS, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.