Matter of the Application of William McCarthy, Petitioner, for a Writ of Mandamus against the Board of Education of the City of New York, Respondent.

(Supreme Court, Kings Special Term, February, 1919.)

Schools — civil service — janitor-engineer — when right to maintain mandamus proceeding is not defeated by failure to appeal to the commissioner of education— Education Law, § 890.

An appeal to the commissioner of education is the exclusive remedy only in cases where the decision of the board or other body involves the exercise of discretion in matters clearly within the jurisdiction of such body or board.

Petitioner, a duly licensed janitor-engineer, assigned to duty as such in one of the public schools of the city of Brooklyn, N. Y., refused to abide by an order of the supervisor of janitors, confirmed by the board of education, purporting to transfer him from said school, at a greatly reduced salary, to another school not requiring the services of a janitor-engineer and where the services required of the petitioner could be performed by an ordinary janitor, a lower and different position than janitor-engineer. Upon an application for a writ of mandamus to compel the board of education to rescind its action in making such transfer, on the ground that petitioner's removal from his former position without charges having been preferred against him and without a hearing, was in violation of both the Education Law and the Civil Service Law, *held*, that petitioner's right to maintain the proceeding could not be defeated simply because he had not first taken an appeal under section 890 of the Education

13

Law to the commissioner of education from the order made by the local board.

While the denials of the respondent preclude the issuance of a peremptory writ, an alternative writ will be granted.

Motion for a writ of peremptory mandamus.

John E. O'Brien, for petitioner.

William P. Burr, corporation counsel, and William E. C. Mayer, for respondent.

Callaghan, J. This motion is for an order directing that a peremptory writ of mandamus issue directed to the board of education of the city of New York requiring it to rescind the action taken by it purporting to transfer the petitioner from Public School 84 to Public School 100 in the borough of Brooklyn.

The petitioner is a duly licensed janitor-engineer. On the 16th day of March, 1916, he was duly assigned to duty at Public School 84, borough of Brooklyn, as janitor-engineer and his compensation fixed at $7,068. Subsequently, his compensation was increased to a sum slightly in excess of $8,000. His compensation was regulated by what is called the " measurement " system, the janitor-engineer being paid a gross sum. He is required to employ helpers. He has charge of the cleaning, heating, ventilating, etc., of the school buildings as well as of the operation of the boilers, engines and other machinery where required.

On the 11th day of December, 1918, an order was issued by the supervisor of janitors, which was afterwards confirmed by the board of education, purporting to transfer the petitioner from Public School 84 to Public School 100 at the proposed salary of $1,900.80

per year. The petitioner refused to abide by that order.

The respondent contends, *first,* that this court is without jurisdiction of the controversy, the petitioner's remedy being solely in an appeal to the commissioner of education, and, *second,* that the board had the power, in its discretion, to make the transfer in question. In support of the respondent's contention that the petitioner does not have recourse to the courts without first appealing to the commissioner of education pursuant to section 890 of the Education Law, it relies on *People ex rel. Peixotto* v. *Board of Education,* 160 App. Div. 554; affd., 212 N. Y. 463, and *People ex rel. Board of Education* v. *Finley,* 211 id. 51. The action in the *Peixotto* case involved nothing more than a matter of discipline in the ordinary course of the administration of the schools, while the *Finley* case involved the validity of the action of the board of education in placing the names of the holders of certain licenses on a so-called eligible list. That was an application for a, writ of prohibition and involved only the question of the educational features of the school system, while in the instant proceeding the petitioner urges that he has been deprived of a vested right in violation not only of the Education Law but also of the Civil Service Law in that he has been in effect removed from his position without charges having been preferred against him and without a hearing. And while I do not question that the board of education has power to discipline all employees, including janitors and janitor-engineers, and that upon a pure question of discipline an appeal must in the first instance be taken by an employee to the commissioner of education, yet the question presented here is not one merely of discipline, and the right to maintain this

proceeding cannot be defeated simply because the petitioner has not first taken an appeal from the action of the board of education.

I have examined all the cases relied upon by the respondent, and it seems that none of them sustains the contention here asserted. The most that any case decides is that the appeal to the commissioner of education is the exclusive remedy only in cases where the decision of the board or other body involves the exercise of discretion in matters clearly within the jurisdiction of such body or board. The act of the commissioner, even though an appeal be taken, is, in no event, exclusive but simply a condition precedent to a resort to the courts. There is no force in the argument that the legislature intended to divest the court of its jurisdiction over rights which had become vested, and confer sole jurisdiction upon the administrative head of a governmental department. Such an attempted exercise of legislative power would, no doubt, be unconstitutional.

The petitioner urges, and it seems to me, with some force, that the action taken against him was not taken in good faith and that the so-called transfer amounts to his removal from his position, which is concededly in the competitive class, ungraded positions, as shown by the rules and classifications of the civil service commission of the city of New York. I do not doubt the authority and power of the board of education to transfer a janitor-engineer from one school to another school even though there be a decrease in compensation. Such power of transfer is essential to a proper administration of the schools, and, if it were shown upon this application that the transfer here attempted was made in good faith and to a school requiring the services of a janitor-engineer, it would be an unwar-

ranted interference for the court to attempt to annul the action of the properly constituted administrative authorities.  But the papers here indicate that School No. 100 is not a school requiring the services of a janitor-engineer.  The services required at this school can, it seems to me from the disclosures made upon this motion, be performed by an ordinary janitor.  It may be that, upon the trial of this proceeding, the respondent may be able to prove that School No. 100 is one requiring the services of a janitor-engineer, and that in fact no legal right of the petitioner has been interfered with.  The qualification for the position of a janitor-engineer is different and higher in character than the position of janitor.  In order to qualify for the former position, the candidate must pass an additional examination involving a test of his knowledge of high-pressure steam boilers.  The petitioner has, by reason of examination under the rules of the civil service, been classified as a janitor-engineer.  To transfer him to the position of janitor would, for all practical purposes, operate as a removal of the petitioner from his position as janitor-engineer, and, if the petitioner has been removed, such removal is without charges and without a hearing.  If the conclusion be that the position at Public School 100 requires only the services of a janitor, such service is classified by the civil service commission of the city of New York under the heading " The Attendance Service."  In order that this proceeding may be properly determined, it is necessary that the issues be tried.  The denials by the respondent prevent, of course, the issuance of the peremptory writ of mandamus, but an alternative writ may issue.

Ordered accordingly.