JOSEPH M. BROWN, Appellant, *v.* ISIDORE BEILEY and Others, Defendants, Impleaded with HARRY WILKUS, Respondent.

First Department, December 6, 1918.

**Malicious prosecution — sufficiency of complaint — defendant charged as joint tort feasor — allegations as to conspiracy.**

Complaint in an action for damages alleged to have been sustained by reason of malicious prosecution instituted and carried on by the respondent and other defendants with whom he is impleaded, which in effect alleges that the defendants, including the respondent, confederated and conspired together to institute a false and malicious prosecution of the plaintiff; that without any reasonable or probable cause therefor, and well knowing the same to be wholly false and untrue, they supported a charge of grand larceny by affidavits; that both upon the hearing before the magistrate and upon the trial under the indictment they gave false and malicious testimony in support of the false charge, sets forth facts sufficient to charge the respondent as a joint tort feasor with his fellow defendants and contains all necessary allegations to constitute a cause of action against said respondent for malicious prosecution.

Although it was alleged that the defendants conspired and confederated together, the gravamen of the action was malicious prosecution.

APPEAL by the plaintiff, Joseph M. Brown, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of June, 1918, granting respondent's motion for judgment on the pleadings, consisting of a com-

plaint and answer, and dismissing the complaint, and also from the judgment entered pursuant to said order in said clerk's office on the 12th day of June, 1918, in respondent's favor.

*David Goldstein* of counsel [*J. M. Brown* with him on the brief; *Goldstein & Goldstein*, attorneys], for the appellant.

*Isaac Steinhaus*, for the respondent.

MERRELL, J.:

This action was brought to recover of the defendants damages which plaintiff claims to have sustained by reason of malicious prosecution instituted and carried on by the respondent and the other defendants with whom he is impleaded. . The defendant, appellant, Harry Wilkus, appeared separately and answered, and moved for judgment on the pleadings dismissing the complaint as against said moving defendant. The motion was granted at Special Term upon the ground that the complaint did not state a cause of action against said defendant. From the order granting defendant's motion for judgment on the pleadings and dismissing plaintiff's complaint and from the judgment entered thereon the plaintiff brings this appeal.

I think the order dismissing the complaint and directing judgment upon the pleadings in defendant's favor was improperly made. A perusal of the complaint convinces me that the plaintiff had therein set forth facts sufficient to charge the respondent as a joint tort feasor with his fellow-defendants, and that said complaint contains all necessary allegations to constitute a cause of action against said respondent for malicious prosecution. The plaintiff alleges that the defendants, including the respondent, " confederated and conspired together, for the purpose of instituting a false and malicious criminal prosecution against this plaintiff, upon the charge of ' Grand Larceny ' and to cause his arrest and prosecution thereunder." The complaint further alleges: " That on or about the 2nd day of March, 1915, the defendant Henry Harris, falsely and maliciously, and without any reasonable or probable cause whatsoever therefor, and well knowing the same to be wholly false and untrue, charged this plaintiff with

the crime of ' Grand Larceny ' before Hon. Charles W. Apple-
ton, a City Magistrate of the City of New York, and then
and there in the prosecution of such charge, subscribed and
made oath, before said Magistrate, to a certain information
on oath, falsely charging this plaintiff with having committed
the crime of ' Grand Larceny,' at the said City of New York,
and praying that proceedings should be taken for the arrest
of this plaintiff, and that this plaintiff be required to answer
for this alleged crime, and that the defendants Isidore Beiley,
*Harry A. Wilkus,* and Samuel Koller, on said day, *in aid
of the said conspiracy,* and as part thereof, also made certain
corroborating affidavits on oath, in support of the said infor-
mation, so falsely and maliciously made as aforesaid, against
this plaintiff."

The complaint further alleges the issuance and delivery
to a police officer of a warrant for plaintiff's arrest, and his
subsequent arrest thereunder and his restraint, subjection to
humiliation and disgrace as a common criminal; that the
plaintiff was arraigned before said city magistrate for said
alleged crime, and pleading not guilty to said charge, was
thereupon held for examination thereon.  By the 6th clause
of the complaint the plaintiff further alleges: " That thereafter
and upon the hearing of said charge before the said Magis-
trate, the said defendants Henry Harris and Samuel Koller,
gave false and malicious testimony in support of said charge,
*and that in pursuance of the conspiracy heretofore mentioned,* the
said defendants *Isidore Beiley* and *Harry Wilkus* also gave
evidence in support of said charge, and that thereupon this
plaintiff was held to await the action of the Grand Jury of
the County of New York, upon said charge of ' Grand Larceny '
*falsely and maliciously instituted, as aforesaid."*

The complaint then alleges the presentation to the grand
jury of the said charge so falsely and maliciously and without
any reasonable or probable cause whatever made, and that
said defendants then well knew the said charge so made to
be wholly false and untrue, and that *the said defendants* falsely
and maliciously and without any reasonable or probable cause
procured the said grand jury to find and present to the Court
of General Sessions of the Peace of the County of New York
an indictment against this plaintiff for said alleged " grand

larceny." The complaint further alleges as the result of such indictment, the arraignment of the plaintiff before said Court of General Sessions and his plea of not guilty to such indictment. The 10th paragraph of the complaint conclusively connects respondent with the tort. Therein it is alleged: "That thereafter, a trial was had before the said Court of General Sessions of the County of New York, and that upon the said trial, upon information and belief, *in furtherance of the conspiracy hereinbefore mentioned,* the defendants Isidore Beiley, *Harry Wilkus,* Henry Harris, Samuel Koller and Herman M. Schaap *gave false and malicious testimony,* in support of said charge of ' Grand Larceny ' against this plaintiff."

The complaint further alleges the trial and acquittal of the plaintiff under said indictment, and that by reason of such unlawful and malicious prosecution the plaintiff was deprived of his liberty, was subjected to great indignity and humiliation, and pain and distress of mind and body, and was held up to scorn and ridicule, was injured in his character and reputation, made the subject of public comment, and suffered other injuries to his damage in the sum of $25,000.

I think this complaint was entirely sufficient to charge the respondent with responsibility with the other defendants for such wrong committed upon plaintiff. The complaint alleges a concerted action on the part of all of the defendants, including the respondent, to institute a false and malicious criminal prosecution of the plaintiff, and that without any reasonable or probable cause therefor and well knowing the same to be wholly false and untrue, a charge was made against the plaintiff, and that such charge was supported by affidavits on oath made by the respondent and other defendants in aid of the said conspiracy and in support of an information falsely and maliciously made against the plaintiff charging him with the crime of " grand larceny;" that both upon the hearing before the magistrate when plaintiff was first arraigned, and as the result of which he was held to await the action of the grand jury, and also upon the trial under the indictment found against the defendant, this respondent, with the other defendants, in pursuance of the conspiracy above mentioned, gave false and malicious testimony in support of the false charge of grand larceny so made against the plaintiff.

The complaint sets forth every essential for a cause of action for malicious prosecution. While it is therein charged that the defendants conspired and confederated together, yet a careful perusal of the pleading leaves no doubt that the gravamen of the action was malicious prosecution. The allegations of the complaint as to a confederation and conspiracy of the defendants merely connected the defendants in their concerted action to injure plaintiff through their wrongful and malicious prosecution of him, and only served to connect the respondent with the transaction and to make him responsible for the acts and declarations of those with whom he was associated. (*Dalury* v. *Rezinas*, 183 App. Div. 456, 460.)

The complaint unquestionably shows that the respondent was guilty of a participation with the other defendants in the malicious prosecution of the plaintiff.

The motion for judgment on the pleadings should have been denied, with costs.

The judgment and order appealed from should be reversed, with costs to the appellant.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Judgment and order reversed, with costs.