JOE CHERNOW, Plaintiff, *v.* HARRY FELDMAN and Others, Defendants.

Supreme Court, Special Term, Queens County, November 30, 1937.

*Milton Dombroff,* for the plaintiff.

*Nicholas P. Iannuzzi,* for the defendants.

DALY, J. In this action for malicious prosecution the defendant Feldman moves for judgment on the pleadings upon the ground that as to him the complaint is insufficient as a matter of law.

The theory of the action is that the defendants, including the moving defendant, conspired to maliciously prosecute the plaintiff. The defendant Feldman is sought to be held responsible for the acts of the other defendants, as one of the conspirators. The only specific allusion in the complaint to the moving defendant which is material to the cause of action, outside of the conclusory allegation in the seventeenth paragraph that " defendants confederated and conspired for the purpose of instituting a false and malicious criminal prosecution against the plaintiff," is found in paragraph eighteenth, which reads as follows:

" *Eighteenth.* That on or about the 4th day of December, 1933, the said Isidore Weinstein in aid of and pursuant to said conspiracy, falsely and maliciously, and without any reasonable or probable cause whatsoever therefor, and well knowing the same to be wholly false and untrue charged the plaintiff with the crime of ' Libel ' as

defined in Section 1352 of the Penal Law of the State of New York, in the Magistrate's Court of the City of New York, Seventh District, Borough of Brooklyn, County of Kings, as a result of the aforesaid publication in the said ' Laborite,' and did thereby cause a City Magistrate holding the Court on the 4th day of December, 1933, to issue a summons directed to said plaintiff commanding him to appear before the said City Magistrate holding Court on the 11th day of December, 1933, to answer said charge; that in aid of and as part of said conspiracy, the said defendant Harry Feldman in conjunction with defendant Emanuel Schulberg did engage an attorney to aid and assist the said Isidore Weinstein in said prosecution of the plaintiff and said attorney was paid a retainer by the said Harry Feldman with the funds of the Union to prosecute the said plaintiff."

I am of opinion that the complaint is insufficient as against the moving party. Facts showing how and if he instigated or participated in the malicious prosecution of the plaintiff are not set forth, nor are there any facts pleaded from which a conspiracy among the defendants to prosecute the plaintiff may be inferred. The payment of a lawyer's fee does not constitute a tort. The statement that the moving defendant conspired and confederated with the other defendants is conclusory and clearly insufficient.

Reliance is placed by the plaintiff upon the decision of the Appellate Division, First Department, in *Brown* v. *Beiley* (185 App. Div. 288), in which the court held allegations of the complaint as to confederation and conspiracy of the defendants as merely connecting them in their concerted action to injure the plaintiff through their wrongful and malicious prosecution of him; that this allegation served merely to connect the defendant attacking the complaint, with the transaction, and " to make him responsible for the acts and declarations of those with whom he was associated " (p. 292). An examination of the opinion in that case discloses, however, that the complaint alleged the moving defendant to be guilty of *direct participation* with the other defendants in the malicious prosecution of the plaintiff. Repeatedly in the complaint in that action were the acts of the moving defendant " in aid of the said conspiracy " set forth. Such is not the case in the complaint at bar.

Accordingly, the motion is granted, with leave to the plaintiff to plead over within ten days of the service of the order hereon, upon payment of ten dollars costs.